**Sylvester Immanuel HOPKINS, Appellant,**

v.

**The PEOPLE of the State of Colorado, Appellee.**

**No. 87CA1757.**

Colorado Court of Appeals, Div. I.

Aug. 18, 1988.

Rehearing Denied Sept. 15, 1988.

Certiorari Denied April 17, 1989.

LeRoy L. Miller, Boulder, for appellant.

Stephen Kaplan, City Atty., R.W. Hibbard, III, Asst. City Atty., Denver, for appellee.

PIERCE, Judge.

Sylvester Immanuel Hopkins appeals from the trial court order authorizing the involuntary administration of anti-psychotic medication. We affirm in part and reverse in part.

Hopkins was originally certified for short-term mental health treatment in July 1987. After a short period of hospitalization, he was released on outpatient sta-

tus in early August. He was returned to the hospital less than one month later, in a psychotic condition.

After his return, his treating physician filed this petition seeking an order for involuntary medication pursuant to § 27–10–101, et seq., C.R.S. (1982 Repl. Vol. 11). After a hearing on the matter, the trial court entered an order authorizing the administration of involuntary medications. The court's order was made effective for the remainder of Hopkins' current certification, and for the balance of any further short or long-term extensions of that certification.

## I.

Hopkins first contends that the trial court lacked jurisdiction to enter an order for involuntary medication because he was accepting his medication voluntarily. We disagree.

Section 27–10–111(4.5), C.R.S. (1982 Repl. Vol. 11) provides that:

"In the event that a respondent refuses to accept medication, the court ... shall have jurisdiction and venue to accept a petition by a treating physician and to enter an order requiring that the respondent accept such treatment, or, in the alternative, that the medication be forcibly administered to him."

The record shows that during the period of Hopkins' release from hospitalization, he had failed to take his medication. Subsequently, he was returned to the hospital in a psychotic condition, where he displayed a reluctance to accept the medication while under supervision. For purposes of the statute, under these circumstances, he had refused to accept his medication during his release from hospitalization. Therefore, the trial court had authority to enter the order for involuntary medication.

We also note that the trial court's order authorized the administration of medication only after Hopkins was given the opportunity to accept it on a voluntary basis. Thus, to the extent that Hopkins argues that he was accepting the medication voluntarily, that portion of the trial court's order authorizing the involuntarily administration of medication had no effect.

## II.

Hopkins also contends that the scope of the trial court's order was impermissible. We agree.

In *People v. Medina*, 705 P.2d 961 (Colo. 1985), our supreme court discussed the permissible limits of an order for involuntary medication. The court concluded that the order may include appropriate time limits and conditions on the administration of medication, but, "[i]n any event, the order must not extend beyond the expiration date of the order of long-term care and treatment."

Here, the trial court order authorized the administration of medication for the balance of any future short or long-term extensions of Hopkins' certification. This portion of the order went beyond the permissible limits as outlined in *People v. Medina, supra,* and, therefore, must be reversed.

We reject the People's argument that because the trial court order afforded Hopkins the opportunity to seek a new hearing on the need for continued administration of medication treatment at the time of any future extension, his due process rights were protected adequately. The effect of accepting this contention would be to shift the burden of seeking a hearing from the physician to the patient. In light of the severe infringement of individual rights that is a result of the administration of involuntary medication, such a holding would not comport with the interests of justice. *See People v. Medina, supra.*

The portion of the order authorizing involuntary administration of medication beyond the period of the present certification is reversed. Insofar as it permits such medication during the present certification, it is affirmed.

STERNBERG and REED, JJ., concur.